IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMS ENERGY CORPORATION; CONSUMERS ENERGY COMPANY; DTE ENERGY COMPANY; DTE ELECTRIC COMPANY; DTE GAS COMPANY; CMS ENERGY CORPORATION EMPLOYEES FOR BETTER GOVERNMENT; DTE ENERGY COMPANY POLITICAL ACTION COMMITTEE; CASE LANCASTER; and AYESHA LANCASTER,

Plaintiffs,

v.

JONATHAN BRATER, in his official capacity as the Director of the Michigan Bureau of Elections; DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, or her successor in office; and JOCELYN BENSON, in her official capacity as Secretary of State of the State of Michigan, or her successor in office,

Defendants.

Case No. 1:26-cv-________________

Hon.

---

**Plaintiffs' Motion for Preliminary Injunction**

**Oral Argument Requested**

The plaintiffs move under Federal Rule of Civil Procedure 65(a) for a preliminary injunction prohibiting the defendants from enforcing section 30a of the "Michiganders for Money Out of Politics" ("MMOP") ballot initiative, which was approved as Proposal 2 at the election on November 3, 2026. Section 30a of the ballot

initiative singles out Michigan's utilities—as well as their "principals" and "affiliated" entities—and bans them all from making campaign contributions to most candidates for state office, most entities even loosely affiliated with those state candidates, and most state party and political committees. In doing so, section 30a violates the First and Fourteenth Amendments to the United States Constitution, and it should be preliminarily enjoined on that basis:

1. The MMOP ballot initiative grew out of a long-running policy dispute between a coalition of advocacy organizations and Michigan's two largest utility companies, DTE and Consumers. Those advocacy organizations disagreed with the utilities on policy issues such as rates, reliability, clean energy, and data centers. Unable to accomplish their policy objectives, those advocacy organizations sponsored the MMOP ballot initiative to exclude the utilities—and anyone perceived as aligned or affiliated with the utilities—from important components of the state's political process.

2. To accomplish that objective, section 30a prohibits campaign contributions not only from any "electric utility" or "gas utility," but also from any "principal" of a utility—including board members, executives, 5% owners, "agent[s]," and "[i]mmediate family" members—and any entity "established, financed, maintained, or controlled," directly or indirectly, by a utility or its principals. Mich. Comp. Laws § 169.230a(1), (2), (5).

3. Section 30a bars those people and organizations from contributing, directly or indirectly, to the governor, attorney general, state legislators, and candidates

for those offices; to state and local party committees; to most committees that contribute to those candidates; and to entities "affiliated" with those candidates that engage in even modest candidate-related advocacy. Mich. Comp. Laws § 169.230a(1), (3).

4. Each plaintiff here is a prohibited donor under section 30a, and each plaintiff desires to exercise the rights to political expression and association through campaign contributions that section 30a now forbids. The First Amendment, incorporated against the states by the Fourteenth Amendment, protects the plaintiffs from "unnecessary abridgement" of those rights. *McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 199 (2014). The First and Fourteenth Amendments also protect the plaintiffs against state-sanctioned "attempts to disfavor certain subjects or viewpoints," including "restrictions on certain disfavored speakers." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340–41 (2010).

5. The plaintiffs are likely to succeed on the merits of their constitutional claims under those basic principles.

6. First, section 30a is unconstitutional speaker-based viewpoint discrimination. It singles out the utilities and their allies by identity, and its sponsors openly told voters that they were targeting those speakers because of policy disagreements. Such content- and speaker-based restrictions are "presumptively unconstitutional." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). This is First Amendment 101, and the MMOP ballot initiative's

sponsors would no doubt agree with that point if *they* were being targeted, rather than doing the targeting.

7. Second, even if treated as content neutral, section 30a fails "closely drawn" scrutiny. The only permissible governmental interest in this context is preventing *quid pro quo* corruption or its appearance, *Nat'l Republican Senatorial Comm. v. Fed. Election Comm'n*, 609 U.S. 908, 920–23 (2026), and there is no record of such corruption involving Michigan's utilities. Section 30a's sponsors instead invoked interests that the Supreme Court has rejected: reducing money in politics, equalizing influence, appealing to generic anti-corruption platitudes, and limiting general access. Nor is section 30a narrowly tailored to any permissible interest. It is an outright ban rather than a dollar limit; it sweeps in donors with no plausible corruption nexus; it eliminates the PAC and separate-segregated-fund channels on which the Supreme Court has relied in upholding corporate-contribution restrictions; it reaches contributions to independent third parties; it imposes retroactive liability; and it ignores Michigan's existing contribution limits and protections.

8. The remaining preliminary-injunction factors also favor relief. Absent an injunction, the plaintiffs must choose between surrendering protected political activity and risking significant penalties. The defendants have no legitimate interest in enforcing an unconstitutional law, and Michigan's generally applicable campaign-finance laws will remain in place.

9. For these reasons, and as explained further in the attached brief, the Court should grant the plaintiffs' motion and preliminarily enjoin the defendants, and their officers, agents, employees, and those acting in concert with them, from enforcing section 30a of the MMOP ballot initiative, Mich. Comp. Laws § 169.230a, against the plaintiffs during the pendency of this case.

10. All plaintiffs join this motion. As required by Western District of Michigan Local Civil Rule 7.1(d)(i), counsel for the plaintiffs sought the defendants' concurrence in the relief requested but were unable to obtain the defendants' concurrence.

MILLER JOHNSON
Counsel for Plaintiffs

Dated: November 5, 2026

By /s/ Stephen J. van Stempvoort

Stephen J. van Stempvoort
Andrew C. Goetz
Amanda L. Rauh-Bieri
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, Michigan 49503
(616) 831-1700
vanstempvoorts@millerjohnson.com
goetza@millerjohnson.com
rauhbieria@millerjohnson.com