**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CMS ENERGY CORPORATION; CONSUMERS ENERGY COMPANY; DTE ENERGY COMPANY; DTE ELECTRIC COMPANY; DTE GAS COMPANY; CMS ENERGY CORPORATION EMPLOYEES FOR BETTER GOVERNMENT; DTE ENERGY COMPANY POLITICAL ACTION COMMITTEE; CASE LANCASTER; and AYESHA LANCASTER,

Plaintiffs,

v.

JONATHAN BRATER, in his official capacity as the Director of the Michigan Bureau of Elections; DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, or her successor in office; and JOCELYN BENSON, in her official capacity as Secretary of State of the State of Michigan, or her successor in office,

Defendants,

and

MICHIGANDERS FOR MONEY OUT OF POLITICS BALLOT COMMITTEE, CLEAN WATER ACTION, VOTERS NOT POLITICIANS, and JOANNA WHALEY,

Proposed Intervenor-Defendants.
_______________________________________/

Case No. 1:26-cv-03168

Hon. Robert J. Jonker

Magistrate Judge Sally J. Berens

**PROPOSED INTERVENOR-DEFENDANTS' MOTION TO INTERVENE**

**EXPEDITED CONSIDERATION REQUESTED**

Proposed Intervenor-Defendants Michiganders for Money Out of Politics Ballot Committee ("MMOP"), Clean Water Action ("CWA"), Voters Not Politicians ("VNP"), and Joanna Whaley move under Federal Rule of Civil Procedure 24(a)(2) to intervene as of right as

defendants in this action or, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). In support, Proposed Intervenors state:

1. On November 3, 2026, Michigan voters approved Ballot Proposal 2 of 2026 by massive margins. *See* Kelly House, *Michigan Elections: Voters Approve Proposal 2 Money Out of Politics Question*, Bridge Mich. (Nov. 3, 2026), https://bridgemi.com/michigan-politics/michigan-elections-voters-decide-on-proposal-2-money-out-of-politics-question/ ("The Associated Press declared the proposal passed at about 9:45 p.m., with 4 out of every 5 votes supporting the measure in early returns."). Just two days later, before any official certification of the results, Plaintiffs filed this action seeking declaratory and injunctive relief against enforcement of Proposal 2. ECF No. 1. Plaintiffs allege that Proposal 2 violates the First Amendment, as incorporated through the Fourteenth Amendment.

2. MMOP is the ballot question committee that drafted Proposal 2, sponsored the initiative petition, gathered 561,282 signatures to place it before the Legislature and then the voters under Mich. Const. 1963, art. 2, § 9, and defended the petition through the certification process. Ex. C, Decl. of Sean McBrearty ¶¶ 5–9.

3. Clean Water Action is a 501(c)(4) organization whose mission is "to protect the environment, human health, economic well-being, and community quality of life through grassroots organizing, public education, and political action." Ex. D, Decl. of Emily Woodcock ¶ 2. CWA "has been involved in MMOP since its inception," including by fielding a "professional canvass team" that "spent six months collecting 50,628 signatures for Proposal 2." *Id.* ¶ 4. CWA "regularly advocates on matters that come before officials whose campaigns Proposal 2 protects from regulated-utility and contractor money." *Id.* ¶ 5. The organization has faced obstacles in achieving its political ends because of utility contributions. *Id.* ¶¶ 5–6.

4. Voters Not Politicians is "a nonpartisan advocacy organization that works to effect structural and systemic democracy reform through engagement of people in Michigan." Ex. E, Decl. of Christy McGillivray ¶ 2. VNP participated in the campaign to enact Proposal 2, by "drafting and reviewing petition language, establishing the MMOP governance structure, developing campaign plans for the circulation phase, procuring legal representation, collecting signatures, lobbying elected officials, and funding the campaign." *Id.* ¶ 4. VNP is affected by Proposal 2's utility ban because, among other things, "DTE's and Consumers' Energy Political Action Committees have made substantial contributions to elected officials who have in turn championed voter suppression bill packages." *Id.* ¶ 5.

5. Joanna Whaley was elected in November 2026 to serve as the state Representative for Michigan's Second House District. Ex. F, Decl. of Joanna Whaley ¶ 3. Her "campaign committee has never accepted contributions from DTE Energy, Consumers Energy, their political action committees, or, to [her] knowledge, any entity affiliated with them." *Id.* ¶ 5. She intends to run for re-election in 2028. *Id.* ¶ 6. Without Proposal 2, she will be put to a choice: "accept contributions from the utilities and their affiliates," or "decline them and run against an opponent who accepts them." *Id.* ¶ 18. She intends to continue to decline utility-affiliated contributions; in the absence of Proposal 2, that decision will constitute "unilateral disarmament" and place her at a disadvantage in the electoral process. *Id.*

6. This motion is timely. It is filed four days after the complaint, before any defendant has answered or moved and before the Court has ruled on any substantive matter. Plaintiffs' motion for preliminary injunction is pending, and this motion is filed before any response to that motion is due.

7. Proposed Intervenors are entitled to intervene as of right under Rule 24(a)(2). Each proposed intervenor has a substantial legal interest in Proposal 2's validity; a judgment invalidating or enjoining Proposal 2 would, as a practical matter, impair that interest; and the existing state defendants, who must balance a range of public and institutional considerations, may not adequately represent Proposed Intervenors' distinct interests. The accompanying brief explains each element.

8. Alternatively, the Court should permit Proposed Intervenors to intervene under Rule 24(b)(1)(B). Their defenses share common questions of law and fact with the main action, and intervention at this early stage will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). This Court has granted permissive intervention to the sponsor of a voter-initiated measure in comparable circumstances. *Daunt v. Benson*, No. 1:19-cv-614, 2019 WL 12050350, at *2 (W.D. Mich. Aug. 28, 2019).

9. As Rule 24(c) requires, Proposed Intervenors attach the pleading that sets out the defenses for which intervention is sought, their Answer and Affirmative Defenses, as Exhibit A. *See also* W.D. Mich. LCivR 5.7(f).

10. Proposed Intervenors agree to coordinate with Defendants to avoid duplicative briefing, to comply with all deadlines the Court has set or will set, and to accept any reasonable conditions the Court may place on their participation.

11. As required by W.D. Mich. LCivR 7.1(d)(i)–(ii), on November 5, 2026, counsel for Proposed Intervenors sought concurrence in this motion from counsel for Plaintiffs and Defendants. Plaintiffs oppose the motion. Defendants, consistent with the State's usual practice, declined to concur in the motion but informed counsel for Proposed Intervenors that they will

not oppose it. The Certificate Regarding Motion Concurrence required by LCivR 7.1(d)(ii)(B) is filed separately.

12. This motion is supported by the accompanying brief, and by the declarations attached as Exhibits C through F. The disclosure statements of MMOP, CWA, and VNP under Fed. R. Civ. P. 7.1(a)(1) are filed concurrently.

WHEREFORE, Proposed Intervenors respectfully request that the Court enter an order in the form attached as Exhibit B:

(a) Granting Proposed Intervenors leave to intervene as defendants as of right under Fed. R. Civ. P. 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b)(1)(B);

(b) Directing the Clerk to file the Answer and Affirmative Defenses attached as Exhibit A and to add Proposed Intervenors to the docket as Intervenor-Defendants; and

(c) Granting such other relief as the Court deems just.

Dated: November 9, 2026

Respectfully submitted,

s/ *Samuel R. Bagenstos*
Samuel R. Bagenstos (P73971)
625 S. State St.
Ann Arbor, MI 48109
(857) 231-1663
sbagen@gmail.com

Stephanie Command*
Tracey Wigglesworth*
1215 K, Suite 2000
Sacramento, California 95814
stephanie@tpl.group
tracey@tpl.group
(916) 674-6440

Counsel for Proposed Intervenor-Defendants

* *Application for admission forthcoming*

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | Intervenor-Defendants' Answer and Affirmative Defenses (Fed. R. Civ. P. 24(c); LCivR 5.7(f)) |
| Exhibit B | Order Granting Motion to Intervene (LCivR 5.7(g)) |
| Exhibit C | Declaration of Sean McBrearty |
| Exhibit D | Declaration of Emily Woodcock |
| Exhibit E | Declaration of Christy McGillivray |
| Exhibit F | Declaration of Joanna Whaley |