UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CMS ENERGY CORPORATION; CONSUMERS ENERGY COMPANY; DTE ENERGY COMPANY; DTE ELECTRIC COMPANY; DTE GAS COMPANY; CMS ENERGY CORPORATION EMPLOYEES FOR BETTER GOVERNMENT; DTE ENERGY COMPANY POLITICAL ACTION COMMITTEE; CASE LANCASTER; and AYESHA LANCASTER,<br><br>Plaintiffs,<br>v<br><br>JONATHAN BRATER, in his official capacity as the Director of the Michigan Bureau of Elections; DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, or her successor in office; and JOCELYN BENSON, in her official capacity as Secretary of State of the State of Michigan, or her successor in office,<br><br>Defendants. | No. 26-cv-3168<br><br>HON. PAUL L. MALONEY<br><br>MAG. MAARTEN VERMAAT |

---

**DEFENDANT ATTORNEY GENERAL DANA NESSEL'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
(P55439)

Neil Giovanatti (P82305)
Gallant Fish (P82196)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30212
Lansing, MI 48909
517.241.1050
giovanattin@michigan.gov
fishg2@michigan.gov
P82305
P82196

Dated: November 20, 2026

# TABLE OF CONTENTS

Page


Table of Contents ..... i

Index of Authorities ..... ii

Concise Statement of Issue Presented ..... iv

Statement of Facts ..... 1

Argument ..... 3

I. The proposed intervenors fail to meet the requirements for intervention as of right or for permissive intervention. ..... 3

A. The standards for granting intervention as of right are not met ..... 4

1. Timing ..... 4

2. Substantial legal interest ..... 5

3. Impairment of interest ..... 8

4. Adequacy of representation ..... 8

B. The proposed intervenors have not met the standards for permissive intervention. ..... 11

Conclusion and Relief Requested ..... 12

# INDEX OF AUTHORITIES

Page

**Cases**

*Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754 (6th Cir. 2018) .................... 5, 11

*Coal. to Defend Affirmative Action, Integration & Immigr. Rts. & Fight for Equal. by any Means Necessary v. Granholm*, 240 F.R.D. 368 (E.D. Mich. 2006) .................... 6, 10

*Daunt v. Benson*, No. 19-cv-614, 2019 WL 12050350 (W.D. Mich. Aug. 28, 2019) .................... 12

*Grubbs v. Norris*, 870 F.2d 343 (6th Cir. 1989) .................... 4

*Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990) .................... 5

*Lucas Cnty. Bd. of Commissioners v. United States Env't Prot. Agency*, 169 F.4th 689 (6th Cir. 2026) .................... 4, 8, 9, 11

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) .................... 5, 6

*Northland Family Planning Clinic, Inc. v. Cox,* 487 F.3d 323 (6th Cir. 2007) .................... 7

*United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005) .................... 4

*Wineries of the Old Mission Peninsula Ass'n (WOMP) v. Township of Peninsula*, 41 F.4th 767 (6th Cir. 2022) .................... 4, 5, 8, 9

**Statutes**

Mich. Comp. Laws § 168.21 .................... 2

Mich. Comp. Laws § 168.32(1) .................... 2

Mich. Comp. Laws § 169.215 .................... 2

Mich. Comp. Laws § 169.230a .................... 1, 2

Mich. Comp. Laws, 169.201 .................... 1

**Other Authorities**

Mich. Admin. Code R. 169.2(1) .................... 2

**Rules**

Fed. R. Civ. P. 24 .......... 4

Fed. R. Civ. P. 24(b)(1)(B) .......... 11

Fed. R. Civ. P. 24(b)(3) .......... 11

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Whether Michiganders for Money Out of Politics Ballot Committee, Clean Water Action, Voters Not Politicians, and Joanna Whaley's motion to intervene as defendants should be denied for failure to meet the requirements for intervention?

## STATEMENT OF FACTS

On November 3, 2026, the people of Michigan voted overwhelmingly to enact Proposal 2026-2 (Proposal 2), an initiated law imposing restrictions on political contributions by utilities and related entities and individuals.[1] The proposal does so by amending various sections of the Michigan Campaign Finance Act (MCFA), Mich. Comp. Laws, 169.201 *et seq*., and adding § 30a, Mich. Comp. Laws § 169.230a.[2] The proposal was principally sponsored by the Michiganders for Money Out of Politics (MMOP) Ballot Committee.

Plaintiffs CMS Energy Corporation, Consumers Energy Company, DTE Energy Company, DTE Electric Company, DTE Gas Company, CMS Energy Corporation Employees for Better Government, DTE Energy Company Political Action Committee, and individuals Case Lancaster and Ayesha Lancaster, challenge the contribution restrictions added by § 30a as violative of the First and Fourteenth Amendments. (ECF No. 1, PageID.27-38, ¶¶ 110-149.) Plaintiffs have moved to preliminarily enjoin § 30a. (ECF No. 10, PageID.51-54, ¶¶ 1-10.)

Defendants in this matter are Secretary of State Jocelyn Benson, Attorney General Dana Nessel, and Director of Elections Jonathan Brater.[3] The Secretary of

---

[1] The proposal was approved with over 80% of those voting on the measure in favor of its passage. *See* November 3, 2026, general election results, Election Results (accessed November 20, 2026.)

[2] *See* Initiatives - Michigan Legislature (accessed November 20, 2026.)

[3] Secretary Benson was elected Governor in the November 3 general election, and the newly elected Secretary of State is Garlin Gilchrist III. Attorney General Nessel was term limited and the newly elected Attorney General is Eli Savit. Benson, Gilchrist, and Savit will take office at Noon on January 1, 2027. Mich.

State is Michigan's chief elections officer, Mich. Comp. Laws § 168.21, and is charged with administering and enforcing the MCFA, Mich. Comp. Laws § 169.215, including § 30a. The Attorney General is the state's Chief Law Enforcement officer, and, as relevant here, "may bring an action to collect the fine" a utility may owe for violating § 30a, *see* Mich. Comp. Laws § 169.230a(4). The Director of Elections is the Director of the Bureau of Elections and is "vested with the powers and shall perform the duties of the secretary of state under his . . . supervision, with respect to the supervision and administration of election laws," *see* Mich. Comp. Laws § 168.32(1), Mich. Admin. Code R. 169.2(1). MCFA complaints are filed with and investigated by the Bureau of Elections under the supervision of the Director. Defendants are named in their official capacities. (ECF No. 1, PageID.7-8, ¶¶ 22-24.)

On November 9, 2026, MMOP, along with Clean Water Action (CWA), Voters Not Politicians (VNP), and Joanna Whaley (Whaley) moved to intervene in this case as defendants. (ECF No. 14, PageID.352.) On November 13, 2026, this Court ordered that responses to the motion to intervene be filed by November 20, 2026. (ECF No. 22, PageID.477.)

For the reasons below, Attorney General Nessel opposes the motion to intervene.[4]

---

Comp. Laws §§ 168.63, 168.79. Gilchrist and Savit will automatically be substituted as parties under Fed. R. Civ. P. 25(d).

[4] Undersigned counsel previously indicated to the proposed intervenors that Defendants did not oppose the motion to intervene. This was an error on undersigned counsel's part. The communication should have stated that the

## ARGUMENT

### I. The proposed intervenors fail to meet the requirements for intervention as of right or for permissive intervention.

The proposed intervenors identify themselves as all being involved in sponsoring or supporting the passage of Proposal 2. (ECF No. 15, Brf., PageID.454-455.)

MMOP is the ballot question committee that drafted Proposal 2, circulated and submitted petitions, defended the proposal in a prior court action, campaigned for its passage, and plans to participate in future rulemaking regarding the proposal. (*Id.*, PageID.454.)

CWA is a non-profit organization whose mission is to protect the environment and human health and collected petition signatures for Proposal 2. (*Id.*, PageID.14-15.) CWA alleges its interests are often in opposition to those of utilities and blocked by legislators who receive contributions from utilities. (*Id.*, PageID.15.)

VNP is a nonpartisan advocacy organization that works to effect structural and systemic democracy reform, and assisted in drafting and reviewing petition language, establishing MMOP governance, developing campaign plans, securing legal representation, collecting signatures, lobbying elected officials and funding the campaign. (*Id.*) VNP alleges its efforts have been at odds with legislators financed by regulated utilities. (*Id.*)

---

Secretary of State and Director of Elections do not oppose the motion to intervene while the Attorney General opposes the motion.

And last, Joanna Whaley is a newly elected State Representative who has not accepted contributions from utilities, but whose future reelection efforts could be harmed by opponents who choose to accept political contributions. (*Id.*)

The proposed intervenors argue that they are entitled to intervention as of right, or to at least permissive intervention under Fed. R. Civ. P. 24.

### A. The standards for granting intervention as of right are not met.

" 'Under Federal Rule of Civil Procedure 24(a)(2), district courts must permit anyone to intervene who, (1) in a timely motion, shows that (2) they have a substantial legal interest in the case, (3) their absence from the case would impair that interest, and (4) their interest is inadequately represented by the parties.' " *Lucas Cnty. Bd. of Commissioners v. United States Env't Prot. Agency*, 169 F.4th 689, 697 (6th Cir. 2026) (quoting *Wineries of the Old Mission Peninsula Ass'n (WOMP) v. Township of Peninsula*, 41 F.4th 767, 771 (6th Cir. 2022).) The movant "must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)(quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

#### 1. Timing

When considering whether a motion to intervene is timely, the Court should consider all the circumstances, including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should

have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Bay Mills Indian Community v. Snyder*, 720 Fed. App'x 754, 758 (6th Cir. 2018) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

Here, the proposed intervenors filed their motion to intervene four days after the complaint was filed and the case has not progressed in any significant matter since that time. The motion to intervene is not untimely under the circumstances.

### 2. Substantial legal interest

The proposed intervenors "must show that [they have] a substantial interest in the subject matter of this litigation." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999). The Sixth Circuit has adopted " 'a rather expansive notion of the interest sufficient to invoke intervention of right.' " *WOMP*, 41 F4th at 711 (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).)

> [C]aselaw . . . instructs that proposed intervenors need not have "a specific legal or equitable interest" in the litigation for the interest to qualify as substantial. Expansive, on the other hand, "does not mean that any articulated interest will do." Instead, "[t]he interest must be significantly protectable" to rise to the level of substantial. These competing concerns mean that "the substantiality of the claimed interest is necessarily fact-specific."

*WOMP*, 41 F.4th at 771–72 (cleaned up.) The proposed intervenors cite the decision in *Michigan State AFL-CIO* in support of their claim to a substantial legal interest in this case. There, several labor organizations and union officials challenged the

constitutionality of an amendment to Michigan's MCFA that imposed new restrictions on union political spending. *Michigan State AFL-CIO*, F.3d at 1244. The Michigan Chamber of Commerce sought to intervene. *See id.* The district court denied the motion, but on appeal the Sixth Circuit reversed, holding that the Chamber was "entitled to intervention as of right." *Id.* at 1248. That court found that the Chamber had a substantial legal interest in the litigation where:

> [T]he Chamber was (1) a vital participant in the political process that resulted in legislative adoption of the 1994 amendments in the first place, (2) a repeat player in Campaign Finance Act litigation, (3) a significant party which is adverse to the challenging union in the political process surrounding Michigan state government's regulation of practical campaign financing, and (4) an entity also regulated by at least three of the four statutory provisions challenged by plaintiffs.

*Id.* at 1248. However, the court admitted that "the intervention issue raised in th[at] appeal" was a "close one." *Id.*

But in a more recent Michigan decision, intervention was denied under similar circumstances. *See Coal. to Defend Affirmative Action, Integration & Immigr. Rts. & Fight for Equal. by any Means Necessary v. Granholm*, 240 F.R.D. 368, 376 (E.D. Mich. 2006), aff'd 501 F.3d 775 (6th Cir. 2007.) In *Coalition to Defend Affirmative Action*, the sponsors and supporters of an initiative amending Michigan's Constitution sought to intervene as defendants to defend its constitutionality. 240 F.R.D. at 373-75. The district court concluded that the sponsors had not shown a substantial legal interest in the case because, unlike *Michigan State AFL-CIO*, the sponsors were not also entities regulated by the new amendment. *Id.* at 375.

The Sixth Circuit affirmed, relying on its analysis in *Northland Family Planning Clinic, Inc. v. Cox,* 487 F.3d 323 (6th Cir. 2007), where it "held that an organization involved in the process leading to the adoption of a challenged law, does not have a substantial legal interest in the subject matter of a lawsuit challenging the legality of that already-enacted law, unless the challenged law regulates the organization or its members." 501 F.3d at 781 (citation omitted). The court drew a distinction between cases challenging the procedures for enacting a rule or law, in which the public has a greater interest, and those challenging the rule or law's subsequent enforcement, in which the public's interest is generally entrusted to the government. *Id.* "Where . . . an organization has only a general ideological interest in the lawsuit—like seeing that the government zealously enforces some piece of legislation that the organization supports—and the lawsuit does not involve the regulation of the organization's conduct, without more, such an organization's interest in the lawsuit cannot be deemed substantial." *Id.* at 782 (citation omitted.)

The same is true here. MMOP, VNP, CWA, and Whaley all have only a general ideological interest in seeing that Michigan enforces Proposal 2. They are not entities or persons subject to regulation under § 30a, the statute principally challenged here. Under these circumstances, while the proposed intervenors may have an interest in this litigation, they fail to demonstrate that they possess a "direct and substantial interest" for purposes of intervention.

**3. Impairment of interest**

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Grutter*, 188 F.3d at 399 (quoting *Michigan State AFL-CIO*, 103 F.3d at 1247). " 'The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest.' " *WOMP*, 41 F.4th at 774 (cleaned up).

But because the proposed intervenors do not have a direct and substantial interest in this litigation, they likewise cannot show the possible impairment of such an interest.

**4. Adequacy of representation**

"The burden that proposed intervenors bear in demonstrating that the existing parties do not adequately represent their interests 'has been described as minimal because it need only be shown "that there is a *potential* for inadequate representation." ' " *Lucas Cnty. Bd. of Commissioners*, 169 F.4th at 697 (cleaned up.) But "[w]hen . . . the proposed intervenor and party to the suit currently share the 'same ultimate objective' . . . a presumption of adequate representation arises." *WOMP*, F.4th at 774 (quoting *Michigan*, 424 F.3d at 443–44.) "Time and again, in considering whether the presumption of adequate representation applies, [courts] have looked to the parties' objective within the scope of the relevant litigation, not their overarching goals or interests." *Lucas Cnty. Bd. of Commissioners*, 169 F.4th at 698 (cleaned up.)

Here, Defendants and the proposed intervenors share the same objective—to defend Proposal 2 against the First Amendment and equal protection challenges leveled by Plaintiffs. *See*, *e.g*, *WOMP*, 41 F.4th at 774 (applying presumption where both party and intervenor sought to defend ordinance against constitutional challenge). While Defendants have yet to file a substantive pleading, they will be filing a motion to dismiss the complaint and a response to the motion for preliminary injunction vigorously defending Proposal 2.

Because the presumption applies, proposed intervenors must rebut that presumption. "To do so 'it may be enough to show that the existing party . . . will not make all of the prospective intervenor's arguments,' to demonstrate 'collusion . . . between the existing party and the opposition," or to show that the existing party has "interests adverse to the interven[o]r[.]' " *Lucas Cnty. Bd. of Commissioners*, 169 F.4th at 697 (cleaned up.)

Proposed intervenors argue there are good reasons to believe representation may be inadequate. "These include Defendants' obligations to take account of enforcement priorities and resource limits and their interest in preserving enforcement discretion." (ECF No. 15, PageID.460.) They argue these interests may lead Defendants to partially concede the invalidity of provisions of Proposal 2, or agree to a narrowing construction, or to even settle the case. (*Id.*)

While the burden in overcoming the presumption of adequate representation is low, here the proposed intervenors' concerns are entirely speculative. The fact that each Defendant has an enforcement role under Proposal 2 does not mean

Defendants, including Attorney General Nessel, will put those interests before the voters who adopted this proposal. Indeed, Secretary Benson and Attorney General Nessel are outspoken supporters of Proposal 2. The proposed intervenors point to nothing indicating these Defendants, or their newly elected successors, will not advance a full-throated defense of Proposal 2 and make all meritorious legal arguments in support of its validity.

Similar arguments in support of intervention have been rejected. *See Coal. to Defend Affirmative Action,* 240 F.R.D. at 376. There, in addition to finding that the proposed intervenors did not have a substantial legal interest in the case, the court rejected as imprecise and unfounded their argument that the Michigan Attorney General may not adequately represent their interests:

> The proposed intervening defendants have challenged the attorney general's ability to represent their interests by arguing that, no matter how well the attorney general may represent the electorate, it is doubtful that he will be able to represent the specific interests of the sponsors and drafters of Proposal 2. This argument is as imprecise as it sounds, but the theory essentially appears to be that the attorney general will not defend Proposal 2 with as much fervor as the proposed intervenors would. However, the "interest" of the proposed intervenors in seeing the constitutional amendment upheld is no different than the majority of Michigan citizens who voted for its passage. There is no proof in this record that the proposed intervenors or their lawyers would be more capable than the elected attorney general of mounting a defense to the amendment, or that their arguments would be more compelling or credible or better founded.

*Id*. at 376. The court continued that since the interests of the sponsors were "precisely aligned with those of the Michigan Attorney General," and there was "little likelihood that their participation would shed any new light on the issues

presented," they had "not shown that the present parties, as they [were] aligned, would be inadequate to advance their interests." *Id.*

The same is true here. Because the proposed intervenors have not overcome the presumption that Defendants' representation will be adequate. And because the proposed intervenors fail to meet all the elements for intervention as of right, the motion must be denied as to that request.

### B. The proposed intervenors have not met the standards for permissive intervention.

Under Rule 24(b), the Court has discretion to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). If commonality exists "the district court then balances undue delay, prejudice to the original parties, and any other relevant factors, and its balancing is reviewed for an abuse of discretion." *Lucas Cty.*, 169 F.4th at 706 (internal quotation marks and citation omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Other relevant factors can include Rule 24(a)(2) intervention-as-of-right factors. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018).

Attorney General Nessel does not contest the timeliness of the proposed intervenor's motion or that they would have a defense that shares a common question of law or fact. She is, however, concerned that the addition of multiple intervenors could unnecessarily complicate the case and delay its efficient resolution. Further, the proposed intervenors have not articulated any other

persuasive rationale for permitting their intervention at this time. As set forth above, they do not possess any special or distinct interest in the subject matter of this litigation that warrants their intervention. Moreover, it is not clear that their presence in the lawsuit will provide any particular benefit or assistance to the Court since it appears their requested relief and legal arguments will be similar if not the same as that asserted by the Attorney General.

The proposed intervenors cite other cases in which sponsors of an initiative have been permitted to intervene. *See Daunt v. Benson*, No. 19-cv-614, 2019 WL 12050350, at *2 (W.D. Mich. Aug. 28, 2019); *Banerian v. Benson*, No. 22-cv-54, ECF No. 31, PageID.458 (W.D. Mich. Feb. 11, 2022). But those motions were granted under the particular facts of those cases, and do not require this Court to follow suit. Under the circumstances present here, this Court should exercise its significant discretion and deny the proposed intervenors' alternative request that they be permitted to intervene in this matter.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Defendant Attorney General Dana Nessel requests that this Court deny the Proposed Intervenors motion to intervene.

Respectfully submitted,

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
(P55439)

Neil Giovanatti (P82305)
Gallant Fish (P82196)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30212
Lansing, MI 48909
517.241.1050
giovanattin@michigan.gov
fishg2@michigan.gov
P82305
P82196

Dated: November 20, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Attorney for Defendant
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
(P55439)