UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CMS ENERGY CORPORATION, *et al.*,<br>Plaintiffs,<br><br>-v-<br><br>JONATHAN BRATER, in his official capacity as the Director of the Michigan Bureau of Elections, *et al.*,<br>Defendants. | ) | No. 1:26-cv-3168<br><br>Honorable Paul L. Maloney |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE**

Pending before the court is Proposed Intervenor-Defendants' Motion to Intervene (the "Motion"). ECF No. 14. For the reasons set forth below, the court will **GRANT** Clean Water Action ("CWA") permissive intervention in this action but will **DENY** intervention as to Michiganders for Money Out of Politics Ballot Committee ("MMOP"), Voters Not Politicians ("VNP"), and Joanna Whaley.

## I. BACKGROUND

This action is a constitutional challenge to Proposal 2, a ballot initiative amending the Michigan Campaign Finance Act. Michigan voters approved Proposal 2 on November 3, 2026. The Michigan Board of State Canvassers must certify the results of the election by November 23, 2026. *See* Mich. Comp. Laws § 168.842(1) ("[T]he board of state canvassers . . . shall meet on or before the twentieth day after the election."). Assuming the results are certified on November 23, Proposal 2 will take effect on December 3, 2026. *See*

Mich. Const., art. II, § 9 ("Any law . . . approved by a majority of the votes cast thereon at any election shall take effect 10 days after the date of the official declaration of the vote."). Shortly after the election results were announced on November 3, Plaintiffs filed suit in this court asserting that Proposal 2 violates the United States Constitution. ECF No. 1.

Proposal 2 alters the Michigan Campaign Finance Act in three fundamental ways. First, Proposal 2 restricts political contributions by regulated electric and gas utility companies, certain government contractors, and organizations or individuals with substantial ties to those companies or contractors. Second, Proposal 2 imposes stricter reporting and expenditure requirements. Third, Proposal 2 requires internet political advertisements to disclose the person or entity that funded them.

This action focuses solely on Proposal 2's political contribution restrictions for regulated utility companies. Section 30a of Proposal 2 governs this new restriction. Section 30a bans the following categories of entities and persons from making direct or indirect contributions to most candidates for state office and persons or entities "affiliated with" those candidates: (1) regulated gas or electric utilities, (2) any "principal" of those utilities, and (3) any entities "affiliated with" those utilities. ECF No. 11–16 Prop. 2 § 30(a) PageID.177.

Believing Proposal 2's political contribution restrictions to be unconstitutional, Plaintiffs sued the Director of the Michigan Bureau of Elections, the Michigan Secretary of State, and the Michigan Attorney General (collectively, the "State Defendants") in this court on November 5, 2026. ECF No. 1. Plaintiffs seek a declaration that Section 30a of Proposal 2 (1) violates their First Amendment right to free speech, (2) violates the Equal Protection Clause, and (3) is unconstitutionally vague. *Id.*

MMOP, CWA, VNP, and Whaley (collectively, the "Proposed Intervenors") filed their motion to intervene in this action on November 9, 2026. ECF No. 14. CWA and VNP are both members of the Taking Back Our Power coalition, the group that formed MMOP. ECF No. 14–4 PageID.434; ECF No. 14–5 PageID.439. The coalition formed MMOP for the express purpose of drafting and defending Proposal 2. ECF No. 14–3 PageID.429. Consistent with this purpose, MMOP drafted Proposal 2, sponsored the initiative petition, and defended it through the certification process. *Id.* Whaley serves as the state Representative for Michigan's Second House District. ECF No. 14–6 PageID.445. Whaley ran against individuals with advertisements supported by outside spending that did not have to disclose who paid for them under the old campaign-financing laws. *Id.* PageID.446. Proposed Intervenors argue that they are entitled to intervention as of right, or, in the alternative, permissive intervention. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention. Rule 24 recognizes two methods of intervention: intervention as of right and permissive intervention. Rule 24(a) requires courts to allow a proposed intervenor to intervene as of right when the proposed intervenor (1) timely files its motion to intervene, (2) has a substantial legal interest in the action, (3) will suffer impairment of its legal interest if the court denies intervention, and (4) establishes that the current parties before the court do not adequately represent its legal interest. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Rule 24(b) vests courts with discretion to decide whether to allow a proposed intervenor to intervene when (1) the proposed intervenor timely filed its motion to intervene, and (2) the proposed

intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Once the proposed intervenor establishes that it has satisfied these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). The court enjoys substantial discretion in deciding whether to allow permissive intervention; indeed, even when "the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Linney's Pizza, LLC v. Bd. of Governors Fed. Rsrv. Sys.*, No. 3:22-cv-00071, 2025 WL 1260807, at *8 (E.D. Ky. May 1, 2025) (internal citations and quotations omitted).

## III. ANALYSIS

Proposed Intervenors failed to establish that Rule 24(a) entitles them to intervention as of right; however, the court will exercise its discretion and grant CWA permissive intervention. Because CWA will adequately represent MMOP's, VNP's, and Whaley's interests, the court declines to exercise its discretion to allow permissive intervention as to MMOP, VNP, or Whaley.[1]

[1] The court notes that it has a related case pending on its docket that is challenging a different portion of Proposal 2. In that case, Proposed Intervenors also moved to intervene. There, the court granted CWA intervention as of right, but the court denied intervention to the other Proposed Intervenors because it found that CWA would adequately represent their interests. Because CWA is the Proposed Intervenor that will represent their interests in the related case, the court concludes judicial economy favors also choosing CWA as the Proposed Intervenor to represent their interests in this case.

### A. Intervention as of Right

Proposed Intervenors fail at element three: They do not have a substantial legal interest in this action. In *Northland Family Planning Clinic, Inc. v. Cox*, the Sixth Circuit drew a sharp distinction between public interest groups seeking to intervene who were merely "involved in the process leading to the adoption of the challenged statute," and public interest groups who were involved in the process *and* "are regulated by the new law[.]" 487 F.3d 323, 344–45 (6th Cir. 2007). The law recognizes a substantial legal interest for the latter group only. *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 781 (6th Cir. 2007) (citing *Cox*, 487 F.3d at 343–46) ("[An] organization involved in the process leading to the adoption of a challenged law does not have a substantial legal interest in the subject matter of a lawsuit challenging the legality of the already-enacted law, unless the challenged law regulates the organization or its members."). CWA, VNP, and MMOP are public interest groups that were involved in the process leading to the adoption of Proposal 2. However, Proposal 2's political contribution restrictions do not regulate CWA, VNP, or MMOP (they are not regulated utilities). Thus, CWA, VNP, and MMOP do not have a substantial legal interest in this action. As for Whaley, her claimed interest is in being protected from "facing a challenger financed by massive utility-affiliated contributions." ECF No. 15 PageID.458. In other words, Whaley's interest "simply pertains to the enforceability of [Proposal 2] in general," which the Sixth Circuit has held is not "cognizable as a substantial legal interest sufficient to require intervention as of right." *Cox*, 487 F.3d at 346. Because the Proposed Intervenors do not meet all four elements of Rule 24(a), the court denies their request to intervene as of right.

### B. Permissive Intervention

The court will exercise its discretion and allow CWA to intervene in this action. First, the request to intervene is timely as a matter of law because Proposed Intervenors filed their Motion four days after Plaintiffs filed their complaint. ECF No. 15 PageID.456; *Miller*, 103 F.3d at 1245 (concluding that a motion to intervene filed "just two weeks after the complaint" was "timely as a matter of law"). Second, CWA's defense shares a common question of law or fact with the main action: Do Proposal 2's political contribution restrictions violate the Constitution? Third, intervention would not delay or prejudice the adjudication of the original parties' rights given the early stage of this litigation and the timing of the Motion. The court further determines that allowing CWA to "participate as a party in this action rather than merely as amicus is preferable." *Daunt v. Benson*, Case No. 1:19-cv-614, 2019 WL 12050350, at *2 (W.D. Mich. Aug. 28, 2019). Having input from CWA—a public interest group that was vital to Proposal 2's ultimate passage—will be helpful to the court.

The court declines, however, to grant MMOP, VNP, or Whaley permissive intervention. While MMOP, VNP, and Whaley meet the requirements for permissive intervention, the court may consider "any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445. One such relevant factor is whether the proposed intervenor's interests are already adequately represented. *T-Mobile Ne. LLC v. Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("To begin, a district court considering requests for permissive intervention should ordinarily give weight to whether the original parties to the action adequately represent the interests of the putative intervenors."). CWA will adequately represent MMOP's, VNP's, and Whaley's interests. All

four Proposed Intervenors ask the court to uphold Proposal 2's political contribution restrictions in their entirety. The court therefore concludes that CWA will adequately represent the others' interests, so the court declines to exercise its discretion to allow MMOP, VNP, or Whaley to intervene in this action.

## IV. CONCLUSION

The court therefore **GRANTS** the Motion in part and **DENIES** the Motion in part. ECF No. 14. The court grants permissive intervention to CWA but denies intervention as to MMOP, VNP, and Whaley. The court **ORDERS** CWA to file its answer to the Plaintiffs' Complaint within 14 days of the date of this opinion and order.

**IT IS SO ORDERED.**

Date: November 20, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge